UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGITTE STELZER,<br><br>                    Plaintiff,<br><br>     v.<br><br>WANG LAW OFFICE, PLLC,<br><br>                    Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Brigitte Stelzer ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Wang Law Office PC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.  This action seeks to recover damages for copyright infringements under the Copyright Act, 17 U.S.C §101 *et seq*.; and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2.  Plaintiff created a photograph of Manhattan District Attorney Alvin Bragg (the "*Photograph*") in which he owns the rights and licenses for various uses including online and print publications.

3.  Defendant is a law firm that owns and operates a social media account at cn.ccyp.com under the name "Wang Junyu Law Firm" (the "*Account*").

4.  Defendant is a law firm that owns and operates a website at URL: www.wanglawoffice.com (the "*Website*").

5.  Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account as well as on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Brigitte Stelzer is an individual who is a citizen of the State of New York and maintains a principal place of business in Queens County, New York.

7. Upon information and belief, Defendant Wang Law Office, PLLC, is a New York professional limited liability company with a principal place of business at 3712 Prince Street, Flushing in Queens County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**     **Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On January 17, 2022, Plaintiff authored a photograph of Manhattan District

2

Attorney Alvin Bragg speaking in a subway station. (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

16. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

17. On April 12, 2022, the Photograph was registered by the USCO under Registration No. VA 2-299-318.

18. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

19. Plaintiff, via her counsel, provided notice to Defendant, via email and physical mail, of its infringing activities on June 30, 2022, to no avail.

20. Plaintiff, via her counsel, provided notice to Defendant for the second time on July 18, 2022, of its infringing activities to no avail.

21. Plaintiff, via her counsel, provided notice to Defendant for the third and final time on August 4, 2022, of its infringing activities.

22. Despite Plaintiff's communicative efforts, Defendant has continued to utilize Plaintiff's copyright protected work.

23. Defendant's continued use despite three (3) notifications of its unlawful conduct constitutes willful infringement.

24. Defendant's failure to respond to Plaintiff's communications has forced Plaintiff to seek judicial intervention to address Defendant's infringing activities.

25. The Account is associated with Defendant.

26. Defendant has exclusive access to post content on Defendant's Account.

27. The Account is a part of and used to advance Defendant's commercial enterprise.

28. Upon information and belief, Defendant is the registered owner of the Website and is responsible for its content.

29. Upon information and belief, Defendant is the operator of the Website and is

responsible for its content.

30. The Website is a popular and lucrative commercial enterprise.

31. The Website is monetized in that it advertises Defendant's legal services to the general public and, upon information and belief, Defendant profits from these activities.

32. On or about January 20, 2022, Defendant displayed the Photograph on the Account as part of an on-line story at URL: https://cn.ccyp.com/ccypContents?content_id=175302 ("*Infringement 1*"). A copy of a screengrab of the Account including the Photograph is attached collectively hereto in Exhibit 2.

33. The Photograph was stored on the Account at URL: https://img.ccyp.com/client/202201/20220120132552812.jpg.

34. Furthermore, Defendant, in conjunction with its activities on the Account, posted the Photograph on its Website at URL: https://www.wanglawoffice.com/%E7%BA%BD%E7%BA%A6%E8%AE%A1%E5%88%92%E6%94%B9%E5%8F%98%E5%88%91%E4%BA%8B%E6%94%BF%E7%AD%96%EF%BC%8C%E8%BF%99%E4%BA%9B%E7%BD%AA%E8%A1%8C%E5%B0%86%E4%B8%8D%E4%BC%9A%E8%A2%AB%E5%85%A5%E7%8B%B1/ ("*Infringement 2*"). A copy of the screengrab of the Website including the Photograph is attached collectively hereto as Exhibit 2.

35. The Photograph was stored on the Website at URL: https://www.wanglawoffice.com/wp-content/uploads/2022/01/1-5-1024x682.jpg.

36. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Account as well as on the Website.

37. Plaintiff first observed and actually discovered Infringement 1 and Defendant's violation of the DMCA on February 23, 2022.

38. On or about January 20, 2022, Defendant displayed Photograph 2 on the Website as part of an on-line story at URL: https://cn.ccyp.com/ccypContents?content_id=175302 ("*Infringement 2*"). A copy of a screengrab of the Website including Photograph 2 is attached

4

collectively hereto in <u>Exhibit 2</u>.

39. Photograph 2 was stored at URL: https://img.ccyp.com/client/202201/20220120132552812.jpg.

40. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 2 on the Website.

41. Plaintiff first observed and actually discovered Infringement 1 and Defendant's violation of the DMCA on February 23, 2022.

42. Upon information and belief, Plaintiff's Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

43. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes specific infringement. *17 U.S.C. §106(5)*.

44. The Infringements are exact copies of Plaintiff's original image that was directly copied and displayed by Defendant on the Account and Website.

45. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account and Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photograph.

46. Upon information and belief, the Photograph was willfully and volitionally posted to the Account and Website by Defendant.

47. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

48. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

5

49. Upon information and belief, Defendant had complete control over, and actively reviewed and monitored, the content posted on the Account and Website.

50. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and Website, and exercised, and/or had the right and ability to exercise, such right.

51. Upon information and belief, Defendant monitors the content on its Account and Website.

52. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

53. Upon information and belief, the Infringements increased traffic to the Account Website and, in turn, caused Defendant to realize an increase in its applicable legal service revenues.

54. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account and Website.

55. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

56. Defendant's use of the Photograph harmed the actual market for the Photograph.

57. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

58. On August 4, 2022, Plaintiff served a notice to Defendant concerning the infringement. Despite such notice, Defendant continued to infringe on Plaintiff's copyright in the Photograph thereby demonstrating the willful nature of its infringement.

59. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

60. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

61. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

62. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

63. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

64. Plaintiff published the Photograph by commercially licensing it to New York Post for the purpose of display and/or public distribution.

65. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

66. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

67. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account and Website.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

69. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs

pursuant to 17 U.S.C. § 505 from Defendant.

70. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

71. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

72. The Photograph as originally published in https://nypost.com/2022/01/17/alvin-bragg-huddles-with-pr-pro-prett-bharara-over-soft-on-crime-uproar/ contained a photo credit stating "Brigitte Stelzer," attributing Plaintiff as the author of the work ("*Original Source*"). Such credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

73. Defendant distributed the Infringements without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph on the Account and Website.

74. Upon information and belief, Defendant's distribution via the Account and Website which contained the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

75. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article and/or post containing the Photograph would induce, enable, facilitate, or conceal infringement.

76. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

77. Defendant's conduct violates 17 U.S.C. § 1202(b).

78. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

79. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

80. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

81. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.  for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.  for pre-judgment interest as permitted by law; and

h.  for any other relief the Court deems just and proper.

DATED: June 9, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125530

*Attorneys for Plaintiff*